## Jackie FERGUSON v. SUNBAY LODGE, LTD.

CA 89-423                                    781 S.W.2d 491

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*Q. Byrum Hurst, Jr.*, for appellant.

*Wallace, Dover & Dixon*, by: *Russell Gunter* and *Allen C. Dobson*, for appellee.

PER CURIAM. The appellant, Jackie Ferguson, originally filed a complaint in United States District Court against the appellee, Sunbay Lodge, Ltd. (Sunbay), and John Aulgur and alleged causes of action under Title VII and state law tort claims of assault, battery, outrage, and negligence. Ferguson's state law tort claims were dismissed by the court and she subsequently voluntarily dismissed her Title VII claim.

Ferguson then filed suit against Sunbay in Garland County Circuit Court and alleged that Sunbay's former manager sexually harassed her while she was employed with Sunbay. Ferguson claimed that these acts constituted the torts of outrage and negligence, for which Sunbay was liable. The trial court dismissed Ferguson's suit with prejudice because it was barred by statutes of limitation. Ferguson has attempted to appeal from the

trial court's order and, as a result, Sunbay has moved to have the appeal dismissed pursuant to Ark. R. App. P. 4(c), which provides as follows:

> If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. *A notice of appeal filed before the disposition of any such motion or, if no order is entered, prior to the expiration of the 30-day period shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period.* No additional fees shall be required for such filing. (Emphasis added.)

The sequence of events in this case is as follows:

| | |
|---|---|
| June 22, 1989 | Order of Dismissal |
| July 3, 1989 | Appellant's motion for new trial |
| July 17, 1989 | Appellee's response to motion for new trial |
| July 20, 1989 | Appellant's notice of appeal |
| August 3, 1989 | Appellant's reply to appellee's response to motion for new trial |
| September 27, 1989 | Order denying motion for new trial |

As noted above, Ferguson filed a motion for new trial prior to filing her notice of appeal. According to Rule 4(c), Ferguson's time for appeal would run either from the entry of an order on the motion or on the thirtieth day from filing the motion, whichever came first. The 30 day provision is applicable here as the relevant date initiated by the motion for new trial was August 2, 1989, and

the order denying the motion for new trial was not filed until September 27, 1989.

Consequently, the 30 day time period in which Ferguson had to file a notice of appeal, pursuant to Ark. R. App. P. 4(a), began to run on August 2, 1989.

■ Ferguson's July 20, 1989, notice of appeal, which was filed before the disposition of her motion for new trial, had no effect. In this case, our rules specifically require that a new notice of appeal must have been filed within the prescribed period, as measured from the expiration of the 30 day period. This was not done; therefore, Sunday's motion to dismiss is granted.